UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NATALIE A. MATHER,
General Delivery.
U.S. Post office,
Jackson, MN 56143
Plaintiff,

VS.

UNITED COMMUNITY
ACTION, a Minne-
-sota Corporat-
-ion, LACEY DAVIS,
in her official
capacity, DEB
BRANDT, in her
official capacity,
and COURTNEY
NEWGARD, in
her official
capacity, jointly,
Defendant(S).

24-cv-123 (PAM/JFD)

RECEIVED
BY MAIL
JAN 16 2024
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

SCANNED
JAN 16 2024
U.S. DISTRICT COURT MPLS

CIVIL COMPLAINT

(1)

comes now the Plaintiff party in the above styled action and does show cause for complaint as follows:

(1) This is an action sustained by, NATALIE A. MATHER, hereinafter Plaintiff MATHER, and sues the defendant's jointly and in their official capacitie's, UNITED COMMUNITY ACTION, a Minnesota corporation, LACY DAVIS, in her official capacity, DEB BRANDT, in her official capacity, and COURTNEY NEWGARD, in her official capacity, alleging:

(A) A common scheme.

(B) Racketeering.

(C) Unlawful concealment of federal funding!

(D) Abuse of process.

(C) Civil conspiracy.

(2)

(D) A conspiratorial predicate act.

(E) A common purpose to defraud.

(F) conspiracy to commit fraud!!

(G) civil violations of the Federal Racketeer Influenced and corrupt organizations Act, (Federal RICO)!

(H) A pattern of racketeering with a common purpose to commit fraud!!!.

(2) Plaintiff NATALIE A. MATHER, ("MATHER") brings this civil complaint for fraud, civil consp-iracy to commit fraud, abuse of process, and civil violations of the Federal Racketeer Influe-nced and corrupt organizations Act 118 U.S.C. § 1964(c) ("Federal RICO") !!!

(3)

## NATURE OF THE CASE

(3) This is an action alleging fraud, civil conspiracy to commit fraud, abuse of process, abuse of federal funding, unlaw- -ful concealment of federal funds, and racketeering, all arising from a scheme between point and combined defendant's with a pattern of racketeering and a common purpose to defraud at which were in fact designated and implemented to defraud client's, here a victom, MATHER, of entitled services of united community action, includ its designees and employe's!

(4) Specifically, UNITED COMMUNITY ACTION, a corporate enterprise has, and still continues to engage into a pattern of racketeering with an intention- -al, and common purpose to defraud not solely the federal government, concisely the United States Department of Treasury - federal funding grant

( 4 )

division, however, a large
numeration of Jackson Minnes-
-ota community action client's,
concisely plaintiff MATHER within
this specific case/lawsuit has
most fraudulently been deprived
of certain services so falsely
claimed and asserted to be
provided by United community
action in light of personal
financial gain in assets from
a federal funding grant it which
United community action, Deb
Brandt, and supervisory personnel-
Courtney Newgard, jointly and
together as a corrupt enterprise
submitted a false and frivolous
federal grant application,
most falsely asserting to the
federal government that any
and all person's seeking heat-
-ing assistance during harsh
winter months until the concl-
-usion of April would be
automatically entitled to a
payment to the city of Jackson
utilities department in light
of a utility deposit, including
the client's/MATHERS heating
bill being paid each month

( 5 )

thereafter by United
Community Action in Jackson-
Minnesota!

(5) Defendant's, jointly, in the
District of Minnesota, willfully
and knowingly did combine,
conspire, confederate, and agree
together and with each other to
commit fraud and a common scheme
in a joint effort and a severe
conspiratorial predicate act,
with a common purpose to
defraud!!! ("concealment of
federal grant funds")!

(6) Nature of the case is
hereby concluded, as part and
object of the joint conspiracy
that these defendant's, knowingly
having devised and intending to
devise a scheme and artifice to
defraud, and for the purpose of
obtaining money from federal
funding, and from community
donations by means of false
and fraudulent pretences,
representations, and false and
frivolous promises would and did
cause by false means of radio,

( 6 )

and television communication
in interstate commerce,
writings, signs, signals, photo's
and news letter's for the sole
purpose of executing such of a
scheme and artifice in severe
violation of title 18, united
states code to wit, these
joint defendant's in fact
agreed jointly and together to
defraud not only the federal
government, thus, it's client's,
here concisely Plaintiff MATHER,
by misappropriating those client's,
MATHER, federal funds and in
fact utilizing those specific
funds in which to only pay the
salarie's to a widespread numer-
-ation of united community
action employee's, rising as
clear fraud!!!

(7) Pursuant to the federal
RICO statutes, the statute in
fact provides much more power
for a litigant to ask more
questions to a defendant party
during a civil jury trial process,
where here federal RICO applies

(7)

where the aspects of abuse
of ("federal funding") is in
fact predicated upon!

## PARTIES

( 8 ) Plaintiff NATALIE A.
MATHER, is current requester of
specific services to be provided by
a private corporate entity and an
enterprise at which receives
federal funds as to a federal
grant that clearly stipulates
within the federal grant
application falsely submitted
by united community action,
that during harsh winter months
until the conclusion of
April, that concise entity will
in fact furnish financial
heating services and a utility
deposit to all of those in need!

( 8 )

(9) Corporate defendant's, United Community action is in fact a corporate enterprise at which receives a Large amount of federal funding from the United States government in Light of an application seeking a federal grant with false and frivolous promises stipulated within the application for federal funds, with its failure in which to comply and deliver such heating assistance to client's in sincere need!

(10) capacity defendant, LACEY DAVIS, acts within her official capacity as a self sufficiency case manager under the umbrella and oversight of the United community action in Jackson-Minnesota, and pursuant to specific funds from a federal grant, DAVIS is in fact charged by federal statute in which to ensure proper distribution of those funds to those in need of heating assistance without any such interference, delay, or concealment of the federal

granted funds!

(11) Capacity defendant, DEB
BRANT, acts in her official
capacity as the chief executive
officer over the entire and
widespread corporate enterprise
of the united community action
entity and obtains oversight
of defendant's DAVIS and
NEWGARD!

(12) Capacity defendant, COUR-
-TNEY NEWGARD, acts within
her official capacity as prim-
-ary supervisor over the concise
Jackson - minnesota office of
the united community action
entity, and in light of federal
funding, she is in fact charged
by federal statute in which
to comply with and to properly
distribute those funds to those
in sincere need of heating
assistance!

(10)

## JURISDICTION AND VENUE

(13) This federal court obtains subject matter jurisdiction over this case pursuant to civil RICO - 18 U.S.C. §1964(c).

(14) The corporate enterprise here sued is in fact federally funded, and is in severe violation and infringement of a federal contract upon which false pretenses were in fact provided within the original application seeking a federal grant in a corrupt avenue for personal financial gain by joint defendant's! (An enterprise)!

(15) corporate defendant's obtains its principal place of business within the confines of the state of Minnesota, and in fact exists as a corporate enterprise in severe violation of inters-
-tate commerce under (RICO)!

(16) capacity defendant, LACEY DAVIS is a citizen and resident of the Sole state of Minnesota, and has resided in Minnesota at all times material to this action!

(17) capacity defendant, DEB BRANDT, is a citizen and a resident of the Sole state of Minnesota, and has resided in Minnesota at all times material to this action!

(18) capacity defendant, COURTNEY NEWGARD, is a citizen and a resident of the Sole state of Minnesota, and has resided in Minnesota at all times material to this action!

(19) The damage amount in dispute is in excess of, $75,000.

(20) Venue is proper in the District of Minnesota because each event giving rise to this action accrued in the District of Minnesota. 28 U.S.C. § 1391.

(12)

(21) The ingredients of this case is predicated upon the civil aspects of RICO where a pattern of racketeering exists where joint defendant's have acted with a common purpose to defraud not only the United States Government, thus, a large numeration of client's, here in this concise case Plaintiff MATHER, in a corrupt turn and twist in an avenue in which to unlawfully elude all client's here MATHER, in even so much as to obtaining ("access") to an official uniform applica- -tion in which to be submitted back into the administrative offices of United community action, and to the initial intake personnel, LACEY DAVIS! (A federally funded corporation and enterprise)!

(13)

## STATEMENT OF FACTS

(22) Corporate defendant's, United
community action, an enterprise,
obtains an unlawful and
fraudulent custom, practice,
and policy, where it is in
fact predicated upon a pattern
of a corrupt turn and twist and
in a pattern of racketeering, in
which to initially unlawfully
conceal an application in which
to access federal funds in light
of obtaining financial heat
assistance from united community
action where an official
application form is in fact
("ALWAYS") upon a pattern
interfered with and in fact
denied even prior to a client,
here MATHER, obtaining a fair
opportunity in which to properly
assert her concise needs and to
establish within an entitled
application that she/MATHER,
in fact meets procedural
threshold in which to access
federal funds for heating
assistance!

(14)

(23) Despite being federally funded, United community action unlawfully and in a corrupt conspiratorial predicate act engages into the unlawful concealment of those concise funds and in a corrupt scheme utilizes those specific federal funds as to sole financial gain only in which to pay their own salaries!!! A severe predi- -cate act of racketeering here rises! Here alone exists where joint defendant's have acted with a common purpose in which to defraud!!

(24) Sufficing a cause of action of abuse of process, here in fact exists where defendant's jointly, and together, upon a pattern unlawfully conceal client entitled federal funds of a requesting client, here MATHER, where in a corrupt turn and twist in which to unlawfully hinder and inter- -fere in an early and premature denial and even so much as to

(15)

refusing a client, here
RATHER any access to an
official application seeking
those federal funds for winter
heating assistance, violates
the process upon which these
defendant's ensured to the
United States government
within their initial applic-
-ation for a federal finance-
-ial grant, the information
and promises within the federal
application obtains the fruits
of fraudulent information as
to concisely what criteria and
threshold at which a client
would need to meet sufficing
obtaining access of financial
services such in this case
heat and energy assistance!
The false advertised criteria
for a seeking client to meet
United community action standard
for emergency heating assistance
was in fact of a very low
threshold at which were solely
provided within their federal
grant application as a scheme
of false and misleading promises
and frivolous information

(16)

also provided by united commu-
-nity action to other local
church's and to the general
public in widespread publicated
newsletters in frivolous and
misleading, false, and redund-
-ant information and promises
solely in a corrupt avenue in
which to access only financial
gain for the sole and primary
benefit of paying their own
salaries!!! clear fraudulent
pretenses rises here as a
clear predicate act of racket-
-eering with clear knowing
and intent at the hands of all
joint defendant's! An act here
of intentionally misappropria-
-ting those financial provider's
the united states government,
local Jackson church's, and
private area citizen's, in a
corrupt and fraudulent avenue
suffieing their own financial
gain!

(17)

(25) The fruits of this specific nature of case for fraud is in fact predicated upon the civil aspects of the federal RICO statutes, where a pattern of racketeering exists where soint defentunt's have acted with a common purpose to defraud, not only the united states Government in a federal funding scheme, thus a large numeration of church's and client's, such as here in this concise case MATHER, in a corrupt turn and twist in an avenue in which to unlawfully elude all client's, here MATHER, in even so much as to obttining ("access") to an official uniform heating assistance application in which to be submitted back into the administrative offices of the united community action entity in Jackson-Minnesota, and to be submitted directly to the initial intake personnel, LACEY DAVIS! (A federal funded corporation and enterprise)!

(18)

## VIOLATIONS OF INTERSTATE COMMERCE

(26) A material fact necessary in order to cause the state-ments, artifice, fraudulent pretenses, deceit, and misl-eading written quotes and assertations made and based untrue with its common practice and purpose, course of business from other states which in fact operated and continued to operate as a fraud and deceipt upon foreign state person's, church's, and other charities, in severe violation of title 18 U.S.C. §1964(c) RICO, to wit, defendant's, DAVIS, BRANT, and, NEWGARD, jointly, agreed together to defraud the united States Government federal grant system, and its potential client's seeking heating assistance during harsh winter months in a joint conspiratorial predi-cate act intending with clear knowing and intent to post & volume of out of state flyers,

(19)

mailed over the state line
news letter's, and internet
postings to foreign states in
solisitation of financial
donations to united community
action in Jackson-Minnesota
by and in a corrupt avenue of
misappropriating those donator's
funds for utility and heating
deposits and utilizing most
frauduently those donated
funds to only administrative
office expenses, official
vehicle fuel, and to pay
their personal finanical
salarie's and refusing to
actually assist those in need as
was promised under false pretense.
(A clear predicate act of
racketeering here exist with
a common purpose in which to
defraud! A plausibility showing
here rises where these combined
and joint defendant's excuse
and reason for refusing to
properly generate these federal
funds to client's, here, RATHER
requesting finansial heating
assistance existed where
defendant's, DAVIS, BRANT, and

(20)

NEWGARD, upon a pattern merely quoted to requesting client's that the united community action entity was out of funds! (This is concisely quoted to MATHER per phone on the concise date of January, 5th, 2024, as to her sincere plea for emergency heating assistance!

(27) Pursuant to U.S. Department of Treasury records, a federal financial grant of three (3) million dollar's was in fact furnished directly to the Jackson-Minnesota united community action entity during 2022, in a federal grant application drafted, signed, and submitted by the united community action administrative and executive personnel, DAVIS, BRANPT, and, NEWGARD! Note. The united states treasury is in fact the specific federal agency at which generates the actual funds to an entity at which receives a federal financial grant!

( 21 )

(28) In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among joint defendant's, was in fact committed in the federal District of Minnesota and elsewhere in other foreign States in and within the month's of December, 2023, and in early January, 2024, where the defendant's conspired together, in which to unlawfully conceal federal funds at which were clearly meant for the purpose of providing heating assistance to client's in need during harsh winter month's such as MATHER, in this specific case!

PLAUSIBLE SHOWING HOW THIS PLAINTIFF HAS SUSTAINED INJURY CAUSED BY DEFENDANTS

(29) From at Least on December, 4th, 2023, up to including in and upon the concise date of January, 2024, Plaintiff MATHER, in a dior emergency sought assistance as

(22)

to her sincere need of paying
a deposit of, $200.00, to the city
of Jackson utilities department
from the advertised assistance of
the united community action,
entity in Jackson-Minnesota,
as the community action corp-
-oration advertised upon local
and out of state television,
radio, internet websites, and
mailed out publicated news
Letter's to local church's, and
numerous charitie's also in
other foreign states by util-
-izing the united states mail
systym, the united community
action and its three advertising
personnell, DAVIS, BRANDT, and
NEWGARD, and those partie's
most falsely, and frauduently
asserting within the confines
of these outgoing news Letter's
that there in fact existed an
emergency fund and a current
and active program for heating
assistance without question in
Light of the extreme nature of
such of a criteria and the
sincere need for heat!

(23)

(30) clearly showing where these
here joint defendant's, and
together have in fact acted
with a common purpose to
defraud, and of Rackereeing in the
unlawful concealment of
federal funds meant for as is
stipulated within a false and
fraudulent federal grant
application in which to assist
those in need of emergency
heat assistance and or to
provide a client with a utilities
deposit!

(31) MATHER, was, (a) denied even
so much as to an application
form in which to fill out as
to her showing to United comm-
-unity action of Jackson-
Minnesota her concise need for
obtaining heating assistance, as
to a quote made to her by Lacey
Davis that this entity was in
fact out of funds in which to
provide any heating assistance
during the remainder of the
winter of 2024, however, Davis,
Brandt, and Newgard, are still yet
working within the confines of

(24)

the united community action
office each business day and are
in fact collecting a financial
salary from the same federal
funds at which were clearly meant
by the federal government to
serve only a primary purpose of
assisting those in need of heating
assistance during harsh winter
month's !!!

(32) There exists a sincere
issue here where this entity
and its here named three
staffing personnel bases a
promise to the federal govern-
-ment in light of assisting
client's/ here MATHER, with
money from the granted federal
funds, and then intentionally
and with clear knowing fails
and right out refuses to comply
and to honor the federal contract
and its grant does in fact rise
as clear fraud !!!

(25)

(33) (B) MATHER, was further
denied to file an administrative
appeal as to the corrupt denial
of an application form by
Lacey Davis, her being denied to
even file an appeal at the
hands and denied by Supervisory,
executive personnell, Newyard, and
Brandt, where once again all of
these point defendant's, are in
fact responsible for the Large
volume of false and fraudulent
advertising, and news Letter's,
and have, and still clearly
endures into the concealment
also of those donations gained
by false pretense with clear
knowing, here a showing by
Plaintiff MATHER, as to conc-
-isely how these point named
defendant's are in fact Liable
for the misconduct alleged !!!

(34) MATHER, here shows concisely
how she sustained insury of
defendant's endwement into
fraudulent interstate commer-
-ce, where all points of this
fraud existed despite united comm-
-unity actions false promises to

(26)

other out of state entitie's,
church's, including thos citiz-
-en's in a foreign state receiving
news letter's from Davis, Brandt,
and Newyard, and those financial
donations and provided funds upon
false pretenses of advertising,
however, MATHER, is in fact denied
her entitled part to access
those funds at the corrupt scheme
at the hands of point defend-
-ant's!

(35) she, MATHER, suffered loss
of heat as to a lengthy time
window of seven days in sole
result of defendant's severe
fraudulent misconduct!

## A SHOWING OF DEFENDANTS LIABILITY FOR ALLEGED MISCONDUCT

(36) Plaintiff MATHER, here prov-
-ides a plausible showing as to
how concisely each named
defendant is in fact liable
for the misconduct alleged!
joint defendant's operates on
sole federal funds and are all

(27)

jointly paid a salary with those concise funds, and still yet refuses to assist any client's, here MATHER, falsely asserting that they are out of funds and here acts with a common purpose to defraud the United States government in a federal funding scheme, and upon a pattern deprives a client, here MATHER, out of any heating assistance at which was clearly promised within their application for a federal financial grant and still continues to operate on those funds as to personal gain!

(37) They, all three defendant's have played a major part in a conspiracy in which to elude any assistance to MATHER, in a scheme of intentionally denying MATHER, any access of an application, or her right in which to appeal the denial of an application addressed to a supervisor, (Newgard) or to executive personnel, (Brandt), yet, they all receive a salary from the federal grant!

(28)

(138) The threat of a continued predicate act of racketeering exists in this specific case, as the denial of assistance to MATHER, is ["ongoing"]!!!

(139) The donations from other church's and charities in other foreign states also pays part of defendant's salaries at which is meant to assist those persin's in need of winter emergency heating assistance!

## CLAIM ONE

(140) Joint defendant's have clearly engaged into a common scheme in a corrupt avenue in which to unlawfully elude an initial application process in a corrupt turn and twist in a premature denial of heating assistance in a severe process violation of federal funds!

(29)

## CLAIM TWO

(41) A claim of racketeering is in fact widespread throughout the entirity of this [RICO] pleading/ civil complaint where it is genuine within all causes of action and claims that a ["pattern"] of racketeering exists with a common purpose to defraud!

## CLAIM THREE

(42) A claim of unlawful concealment of federal funding, where joint defendant's here named are in fact concealing an initial application process in an corrupt turn and twist in which conceal certain federal funds at which were meant in a federal funding and financial grant application submitted by joint defendant's to assist those persons in need of financial heating assistance!

(30)

## CLAIM FOUR

(43) AS to a claim of abuse of process, here joint defendant's interfere into a federal funds and federal grant agreement, where the government was so falsely promised that funds and money from that specific grant were to be utilized for the sole purpose of emergency heating assistance to those person's in Jackson-Minnesota during harsh winter month's! To date, those federal assistance funds are denied to all client's and Plaintiff MATHER, in this case! The process of an application for a federally funded program is in fact being denied to Plaintiff MATHER, at the hands of joint defendant's!

## CLAIM FIVE

(44) AS to the claim of civil conspiracy, joint defendant's in a conspiratorial predicate act did in clear artifice fabricate a volume of advertisement's at

(31)

which they together knew to
be untrue and false in the
method of television, out of
State television commercials,
Local and out of States news
Letter's, and internet postings,
Local and out of State, seeking
and receiving financial gain
in a clear fraudulent manner!
They, joint defendant's also
in a conspiracy with knowing and
intent, draft a frivolous federal
application for a federal grant
articulating promises with
false pretense!!!


## CLAIM SIX

(45) AS to a conspiratorial
predicate act with clear knowing
and intent joint defendant's,
combined and together, engaged
into a corrupt conspired plan
and a scheme in which to
advise all incoming and inquiring
client's, here MATHER, that
the community action in
Jackson Minnesota was in
fact out of federal funds

(32)

in which to provide winter
heating assistance, yet, all
and each of them are still
yet working at daily job's
within the confines of the
Jackson Minnesota United
community action entity and
are paid their financial salary
out of the federal grant
program!

## CLAIM SEVEN

(46) A claim of a common
purpose to defraud rises here
where joint defendant's well
knew within their application
seeking a federal financial
grant that the winter heating
assistance program was in fact
false in an avenue for personal
financial gain for the purpose
of their office salurie's, and
those assertations within their
federal grant application at
which they knew to be untrue
and most false! (the term,
their office), an enterprise!

(33)

## CLAIM EIGHT

(47) As to a claim of conspiracy to commit fraud, joint defendant's conspired together, and engued into a conspiratorial plan and a scheme in which to fabricate their intentions of a winter heating assistance program within a federal grant applic- -ation of clear deceit at which they knew to be false!!

## CLAIM NINE

(48) As to a claim of civil violations of the racketeer Influenced and corrupt orgen- -izations Act, joint defendants, combined and together, fabric- -ated a large volume of news Letter's, radio advertisement's, television commercial's, internet postings, and even out of state television commercials, including inside the state and out of State mailed out news Letter's utilizing the

(34)

United states mail service in
which to fabricate and devise
a scheme of statement's
within all of those advertis-
-ement's to cause a person or
other charities to merely
believe, and to feel sorry for
those Local Jackson Minnesota
United community action client's
suffering extreme and harsh
winter weather without heat
in a corrupt avenue at the hands
of joint defendant's in a scheme
of financial gain in which to
support their office and to
only pay their salarie's, their
office existing as a corporate
enterprise!!!

## CLAIM TEN

(49) As to a pattern of racket-
-eering, joint defentant's,
have, and still continue.
predicate upon in and out of
state church's, charitie's and
already provided, and continued
to receive a financial federal
grant each year in a continued
scheme only for their offices

(35)

financial gain, and to pay
their generous salarie's in an
operation of a corrupt enterprise.
(RICO)!

## RELIEF

WHEREFORE, upon the premises
considered, it is respectfully
upon this Honorable court for
the entry of an order of the
following:

(A) Find this civil complaint
plausible upon its face!

(B) Find that plaintiff has in
fact shown a cognizable legal
theory upon which this Honor-
-able court can in fact draw a
reasonable inference that the
Joint defendants are Liable
for the misconduct alleged.

(C) A civil jury trial is so
requested.

(36)

(D) Award Plaintiff with actual damage awards as to her suffering the extreme and harsh cold for seven consecutive days and nights of no heat at the hands of joint defendant's intentional failure in which to comply with a federal grant contract in assisting rather, with a heat and utility deposit as promised within the initial federal grant application! $900,000.

(E) Award Plaintiff with punitive damage awards in an amount as may be deemed proper by this Honorable court!

I declare under penalty of perjury the forgoing to be true and correct.

Signed this, 5th, Day of January, 2024.

Natalie a. Mather
(SIGNATURE OF PLAINTIFF)

(37)